**STATE OF ALASKA, Appellee,**

**v.**

**Stewart L. UDALL, Secretary of the Interior; Boyd L. Rasmussen, Director, Bureau of Land Management; Burton L. Silcock, State Director for Alaska, Bureau of Land Management; and Robert C. Krumm, Manager, Fairbanks Land Office, Bureau of Land Management, Appellants.**

**STATE OF ALASKA, Appellee,**

**v.**

**NATIVE VILLAGE OF NENANA, Appellant.**

**Nos. 23603, 23597.**

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1969.

---

David Birenbaum (argued), Arthur Lazarus, Jr., Frank B. Friedman (argued), Shiro Kashiwa, Asst. Attys. Gen., Lands Div., Dept. of Justice, Washington, D. C., for appellant.

Charles Cranston (argued), Stephen Cooper (argued), Asst. Attys. Gen., Charles K. Cranston, Atty. Gen. of Alaska, Juneau, Alaska, for appellee.

Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, Weissbrodt & Weissbrodt, Washington, D. C., amicus curiae.

Before BARNES, HAMLEY and KILKENNY, Circuit Judges.

HAMLEY, Circuit Judge:

This is an action brought by the State of Alaska, pursuant to 28 U.S.C. § 1361, to compel the Secretary of the Interior of the United States and other officials to issue a patent and grant tentative approval to certain lands selected by the state pursuant to section 6(b) of the Alaska Statehood Act, 72 Stat. 339 (1958), 48 U.S.C. note prec. § 21. Asserting its claim to such lands on the basis of aboriginal use, occupancy and continued possession, the Native Village of Nenana (Native Village) intervened as a party defendant. The district court granted the State's motion for summary judgment. Defendants and intervenor appeal.

Native Village argues that the district court erred in disposing of the case on motion for summary judgment because there were genuine issues of material fact. See Rule 56(c), Federal Rules of Civil Procedure.

Section 6(b) of the Alaska Statehood Act, which the State seeks to enforce, provides that the State shall be entitled to select not to exceed 102,550,000 acres from the public lands of the United States in Alaska "which are vacant, unappropriated, and unreserved at the time of their selection * * *."

The record shows that petitions protesting these land selections were filed by members of Native Village with the Bureau of Land Management before this litigation arose. These petitions alleged that Native Village has possessory rights to the lands in question on the basis of present and aboriginal use and occupancy. In its answer to the com-

plaint, Native Village denied the State's allegation that the land selected was vacant, unappropriated and unreserved. As an affirmative defense, Native Village asserted that it uses, owns, and occupies all or substantially all of the real property which forms the subject matter of this action.

The stipulation with respect to undisputed facts reserved for determination by the court, the claim of Native Village that the lands selected by the State were not vacant, unappropriated and unreserved. In support of its opposition to the State's motion for summary judgment, Native Village filed in the district court the affidavits of two members attesting to past and present native use of the selected land "for trapping, hunting, and camp sites."

No counter affidavit was filed based upon a physical examination of the lands in question.[1] Even if countering affidavits of this kind had been filed, however, the factual issue would still remain, thereby rendering a summary judgment inappropriate. The only escape from this conclusion is to hold that under no circumstances could Indian trapping, hunting and camping (activities referred to in the Native Village affidavits) constitute a condition which would deprive the selected lands of the status of being "vacant, unappropriated, and unreserved." We are unwilling to so hold.[2]

Alaska contends that Native Village may not argue on appeal that there were genuine issues of material fact because it failed to file in the district court a statement of genuine issues, as required by Rule 5(H) (2), General and Criminal Rules, United States District Court for the District of Alaska. However, it does not appear that the district court regarded this failure as a sufficient reason for holding against Native Village. Moreover, under the circumstances, the stipulation with respect to undisputed facts, referred to above, served the purpose of a Rule 5(H) (2) statement of genuine issues.

We hold that on the present state of the record there were genuine issues of material fact, and for that reason the case should not have been disposed of on the State's motion for summary judgment. The judgment is reversed and the cause is remanded to the district court for further proceedings consistent with this opinion. In view of the pendency in Congress of proposed legislation which, if enacted, would probably resolve all or most of the issues involved in this complex litigation,[3] the district court may, in the exercise of its discretion, hold the trial in abeyance for a reasonable period of time.

1. Joseph Keenan, Director, Alaska Division of Lands, submitted an affidavit in which it was alleged, among other things:

"2. That he has personally examined the records of the Bureau of Land Management and that on the basis of his examination he has determined that the lands are vacant of human settlement and are unappropriated and unreserved by any person or agency of government."

2. See section 8 of the Act of May 17, 1884, 23 Stat. 24 (" * * * the Indians or other persons in said district shall not be disturbed in the possession of any lands actually in their use or occupation * * *"); United States v. Berrigan, 2 Alas. 442, 448 (1905); Metlakatla Indian Community, Annette Islands Reserve v. Egan, 369 U.S. 45, 58, 82 S.Ct. 552, 7 L.Ed.2d 562 (1962); Federal Indian Law, U. S. Department of Interior (1958) at 951.

3. Hearings on S. 1830 to Provide for the Settlement of Certain Land Claims, Alaska Natives, and for Other Purposes before Senate Committee on Interior and Insular Affairs, 91st Cong., 1st Sess., Preliminary transcript, Vol. 1, p. 2 (April 29, 1969), as cited in the brief of the amicus curiae, Alaska Federation of Natives.